REGAN, Judge.
Plaintiff, Bilbe Sheet Metal Works, a partnership composed of Harry F. and. Charles Bilbe, instituted this suit against Add A. Heyl, Inc., to recover the sum of $139.50 for repairs made to certain properties following the hurricane of September 19, 1947, upon the instructions of defendant.
Defendant filed exceptions of no right or cause of action and, in conformity with the rules of the First City Court, simultaneously filed its answer which is, in substance, a general denial.
The exceptions were referred to the merits and, after a trial thereon, there was judgment in favor of plaintiff as prayed for; hence this appeal by defendant.
The record reveals that the plaintiff is engaged principally in the trade of repairing roofs, and defendant is an insurance agency writing “insurance in all of its branches”.
We recall very vividly the hurricane of September 19, 1947 and we have, in the case of Ebert v. Pacific National Fire Insurance Company, La.App., 40 So.2d 40, taken judicial notice thereof.
Several days after this hurricane defendant, through its Mr. Heyl, accompanied by C. J. Oltman, a contractor, called at plaintiff’s business establishment located in 1137 Annunciation Street .and, as the Messrs. Bilbe .testified, entered into an oral agreement with plaintiff, to repair certain roofs to be designated by defendant, which had been damaged by virtue of the windstorm. r It was further agreed that defendant' would telephone to plaintiff the names and addresses of individuals who complained of roof damage and, in turn, plaintiff would make the necessary repairs; provided that -if plaintiff’s examination of the roof disclosed that the damages were “extensive and costly”, an estimate should be made by plaintiff and submitted to defendant before proceeding with the repairs.
*701 The evidence, while vague, also indicates that it was understood that Oltman, who accompanied Heyl to plaintiff’s business establishment, was to repair the interior damage and plaintiff, as we have stated, was to handle damages occasioned to the roof.
Heyl vehemently contends and has so testified that the nature of defendant’s business is to “write insurance in all of its •branches” and that defendant does not adjust insurance claims and that he did not, on behalf of defendant, guarantee to pay plaintiff for any work it did for the assured on any policy which had 'been written through defendant’s office.
The record, while vague and embellished with disputations ad infinitum, reveals that either Heyl or an employee in defendant’s office did instruct plaintiff to visit 2127 N. Rampart Street, 1000-02 Elysian Fields Avenue, 1008-10 Elysian Fields Avenue and 5524 Hawthorne Street, to inspect windstorm damage and make such repairs as plaintiff, in.its discretion, deemed necessary and expedient. Plaintiff completed the repairs which, in its opinion, were not extensive nor costly, and billed defendant in the respective amounts of $28.50, $43.00, $31.50 and $36.50, or a total of $139.50. In our opinion defendant, did not, at any time, inform plaintiff that he was ordering the roof repair work on behalf of or for the account of anyone else, nor did defendant request plaintiff to bill anyone else for the work.
Mr. Oltman, the only other witness present when this agreement was confected could not be located by the plaintiff and defendant obviously made no effort to produce him as a witness in the trial of the case in the court, a qua.
In our opinion, this is a case which involves the application of the well known doctrine that the findings of the trial court will not be disturbed or reversed where only questions of fact are involved unless that finding is obviously erroneous, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.